**William G. EVERETT, Appellant,**

v.

**Joe W. VON BRIMER, Appellee.**

**No. 22787.**

United States Court of Appeals
Ninth Circuit.

Sept. 5, 1969.

William G. Everett, pro. per.

David S. Romney, Los Angeles, Cal. (argued), Greist, Lockwood, Greenawalt & Dewey, Chicago, Ill., Harris, Kiech, Russell & Kern, Los Angeles, Cal., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and SMITH, District Judge.

PER CURIAM:

Everett is a patent agent. He has some papers belonging to Von Brimer, who employed him.

Von Brimer asserts he needs the papers to use in connection with a patent interference proceeding in the United States Patent Office. Thus, he asked for a subpoena duces tecum under Rule 45, F.R.Civ.P. The district court ordered the subpoena to issue and Everett appeals.

Everett asserted a lien on the records under California Civil Code, § 3051 and asserted that the subpoena was oppressive under Rule 45. We affirm.

■ Section 3051 is for him who improves, safeguards or carries the personal property of another. Thus, the

shoe repair man, the bank's safety deposit department and the van line have a possessory lien. But none of this can fit Everett. (He does suggest he has evidence that he was "safeguarding." And that was not before the district court.)

Further, the papers were not the work product of Everett. If they were, we might have a different question.

 The way the subpoena is asserted to be oppressive is this: Everett has a California state court action on file. Von Brimer is out of California and Everett can't get personal service. If Everett were able to hold Von Brimer's papers, Von Brimer might have to appear in the state court. To take this possibility away from Everett is said to be oppressive.

Von Brimer may or may not owe Everett, but the old requirement that a creditor must find his debtor, wherever he or his property may be, we cannot consider oppressive.

Order on appeal affirmed.